```
UNITED STATES DISTRICT COURT
  NORTHERN DISTRICT OF INDIANA
       HAMMOND DIVISION
```

| | | |
|---|---|---|
| MARKEL INSURANCE COMPANY, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-220-JVB-PRC |
| | ) | |
| UNITED EMERGENCY MEDICAL | ) | |
| SERVICES, LLC, *et al.*, | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| | ) | |
| UNITED EMERGENCY MEDICAL | ) | |
| SERVICES, | ) | |
|     Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INSURANCE SERVICE CENTER n/k/a | ) | |
| ARTHUR J. GALLAGHER & CO., *et al.*, | ) | |
|     Third Party Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Strike Certain of Defendant Lillian Marlene Rau's Affirmative Defenses [DE 34], filed by Plaintiff Markel Insurance Company ("MIC") on December 14, 2016. Defendant Lillian Marlene Rau filed a response on December 20, 2016, and MIC filed a reply on December 27, 2016.

In an underlying lawsuit, Rau, as personal representative of Chester R. Stofko, filed a complaint for damages against United Emergency Medical Services, LLC (UEMS) and Abraham Nadermohammadi for alleged injuries to Stofko resulting from an automobile collision in which Stofko's vehicle was struck by an ambulance driven by Nadermohammadi. UEMS and Nadermohammadi sought coverage from MIC for this underlying suit.

MIC brought the instant litigation, in which Nadermohammadi, UEMS, and Rau are named as Defendants, to declare the rights and other legal relations of the parties regarding a Business Auto Insurance Policy issued by MIC to UEMS. In the instant motion, MIC asks the Court to strike four of the affirmative defenses that Rau listed in her Answer to MIC's Amended Complaint.

"A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (footnote omitted) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Rule 12(f) and affirming the striking of portions of a counterclaim). The Seventh Circuit Court of Appeals has held that motions to strike are generally disfavored; however, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294). Affirmative defenses "must set forth a 'short and plain statement' of the defense." *Heller Fin.*, 883 F.2d at 1294 (citation omitted) (quoting Fed. R. Civ. P. 8(a)).

The Seventh Circuit Court of Appeals has not yet decided whether the pleading standard for a complaint set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to all Rule 8 pleadings, including affirmative defenses. This Court

2

continues to agree with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. *See Cottle v. Falcon Holdings Mgmt., LLC*, Cause No. 2:11-CV-95, 2012 WL 266968, at *1-3 (N.D. Ind. Jan. 30, 2012) (Cherry, M.J.) (providing extensive discussion of the issue and citing supporting cases); *see also Bielfeldt v. Bourazak*, No. 1:15-CV-01419, 2016 WL 1383464, at *2 (C.D. Ill. Apr. 7, 2016). "Even under the liberal notice pleading standards . . . , an affirmative defense must include either direct or inferential allegations as to all elements of the defense asserted." *Pringle v. Garcia*, Cause No. 2:09-CV-22, 2009 WL 1543460, at *1 (N.D. Ind. June 2, 2009) (quoting *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006)).

MIC seeks to have the Court strike Rau's Affirmative Defenses Nos. 1, 3, 4, and 5. Rau, in her response, withdraws Affirmative Defenses Nos. 1 and 5. Therefore, still at issue are Rau's Affirmative Defenses Nos. 3 and 4.

### A. Affirmative Defense No. 3

Affirmative Defense Number 3 provides:

> As an alternate pleading, the alleged absence of subject vehicle . . . from the insurance policy at issue in the above-captioned case was due in whole or in part to the acts and/or omissions of the agent for UEMS following non-parties: (a) Insurance Service Center, Inc. . . . (b) Jack L. Rosen . . . (c) Phillip B. Rosen . . . .

First, though MIC, contends that Rau does not have standing to assert negligent procurement of insurance as a defense, the only argument MIC makes in support is citation to two opinions, neither of which has precedential authority and neither of which addresses standing to raise negligent procurement as an affirmative defense. MIC has not presented the Court adequate grounds upon which to strike the defense on the basis of lack of standing.

3

Next, Rau's affirmative defense alleges that an agent for Defendant UEMS is responsible for the subject vehicle not being included in the insurance policy obtained from MIC. Even assuming that this is true, the affirmative defense fails to provide a ground upon which the relief requested in the Complaint—declaratory judgment that MIC has no duty to defend or indemnify Defendants UEMS and Nadermohammadi—should not be given. In her response to the instant motion, Rau argues that facts may be revealed in discovery that show that the named non-parties are actually agents of MIC, and, consequently, that MIC is liable for the non-parties' actions. However, the affirmative defense specifically states that the non-parties are UEMS's agents. As it is written, this affirmative defense places fault with UEMS, not MIC. Further, the argument that the non-parties are MIC's agents is presented in Affirmative Defense No. 2, which MIC does not seek to have stricken. In Affirmative Defense No. 3, there is no short and plain statement of facts that, if true, shows that MIC is not entitled to the relief it requests in its Complaint. The Court strikes this affirmative defense.

### B. Affirmative Defense No. 4.

Affirmative Defense Number 4 provides:

> As an alternate pleading, the alleged absence of subject vehicle . . . from the insurance policy at issue is a result of errors and mistakes on the part of Markel Insurance Company which are subject to equitable reformation by the court, and/or the remedies of waiver and estoppel are applicable to require coverage for the subject vehicle for the collision involving Chester R. Stofko.

MIC argues that this affirmative defense should be stricken because Rau has no standing to seek reformation and does not adequately allege reformation, waiver, or estoppel.

First, MIC asserts that Rau does not have standing to raise the affirmative defense of reformation of the insurance policy because she is not a party to the policy. Only the reply brief cites

4

case law on this point, and the case law cited does not clearly address whether, under controlling precedent, a party in Rau's position has standing to raise reformation as an affirmative defense. Because motions to strike affirmative defenses are disfavored, the Court will not strike the affirmative defense on this basis. *See Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 905 ("Before granting a motion to strike an affirmative defense, the Court must be convinced . . . that any questions of law are clear . . . .").

Next, MIC contends that Rau has not sufficiently alleged reformation, waiver, or estoppel. Formula-like statement of the defenses listed in Rule 8(c) will not do. *Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 907 (quoting *State Farm Mut. Auto. Inc. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001).

Regarding waiver and estoppel, Rau has provided no additional information. She only states that "the remedies of waiver and estoppel are applicable to require coverage for the subject vehicle for the collision." Though this reference to waiver and estoppel is in the same sentence as the allegation of MIC's errors and mistakes, this allegation is not a part of the independent clause regarding waiver and estoppel. Rau has not provided MIC with sufficient notice of the basis for raising these defenses. Therefore, Affirmative Defense 4 is stricken as to waiver and estoppel. If Rau has, or through discovery learns of, a basis for these defenses, she may seek leave to amend her answer to include the defenses.

Regarding reformation, Rau has provided a basis for the defense. She asserts that the absence of the vehicle from the policy was due to MIC's errors or mistakes and are subject to equitable reformation. MIC asserts that Indiana law applies. Though the Court, at this juncture, declines to

5

determine what law should apply, the Court will address the defense under the argument MIC presents, which is that the defense is insufficient under Indiana law.

> In Indiana, a trial court is permitted to reform written documents only in cases in which one party mistakenly executed a document which did not express the true terms of the agreement, and the other party has acted under the same mistake, or has acted fraudulently or inequitably while having knowledge of the other party's mistake.

*Harlan Bakeries, Inc. v. Muncy*, 835 N.E.2d 1018, 1029-30 (Ind. Ct. App. 2005) (quoting *Lake Monroe Reg'l Waste Dist. V. Waicukauski*, 501 N.E.3d 466, 471 (Ind. Ct. App. 1986), *cited with approval in Carlson v. Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos*, 895 N.E.2d 1191, 1199 (Ind. 2008).

MIC argues that Rau has only alleged a unilateral mistake and not a mutual mistake and has failed to allege that the other party had knowledge of the mistake. MIC contends that this provides adequate reason to strike the affirmative defense of reformation, as the statement is legally insufficient to support reformation.

Motions to strike affirmative defenses are disfavored, and elements of a defense can be made by inference. Rau has alleged that the absence of the vehicle from the insurance policy is the result of MIC's mistake or error and that this mistake or error is subject to reformation. In the context of this litigation, it is clear that UEMS's position is that the vehicle is covered. Because the allegations of the Amended Complaint are accepted as true for the purposes of affirmative defenses, and one allegation in the Amended Complaint is that the vehicle is not covered, it is implied that UEMS is mistaken about the vehicle's coverage. Mutual mistake is alleged inferentially. The statement of the defense need not pass muster under the standard of *Iqbal* and *Twombly*. Rau has provided a short

and plain statement of the affirmative defense of reformation and MIC has notice of the basis for the defense. The motion is denied as to the affirmative defense of reformation.

## CONCLUSION

For the reasons laid out above, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to Strike Certain of Defendant Lillian Marlene Rau's Affirmative Defenses [DE 34]. The Court **STRIKES** Affirmative Defense 3 and the defenses of waiver and estoppel from Affirmative Defense 4 from Defendant Lillian Marlene Rau's Answer. The defense of reformation contained in Affirmative Defense 4 is not stricken.

The Court **ORDERS** Defendant Lillian Marlene Rau's Affirmative Defenses Nos. 1 and 5 **WITHDRAWN**.

SO ORDERED this 10th day of March, 2017.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT