# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MARKEL INSURANCE COMPLANY,<br>    Plaintiff,<br><br>    v.<br><br>UNITED EMERGENCY MEDICAL<br>SERVICES, LLC, *et al.*,<br>    Defendants.<br><br>UNITED EMERGENCY MEDICAL<br>SERVICES, LLC,<br>    Third Party Plaintiff,<br><br>    v.<br><br>INSURANCE SERVICE CENTER, INC.<br>n/k/a ARTHUR J. GALLAGHER & CO.,<br>    Third Party Defendant. | CAUSE NO.: 2:16-CV-220-JVB-JPK |

## OPINION AND ORDER

This matter is before the Court on Rau's Motion for Leave to File Sealed Document Re Markel Summary Judgment and Rau's Cross-Motion for Summary Judgment (Doc. 94) [DE 112], filed by Defendant Lilian Rau on January 4, 2019. No response was filed, and the deadline by which to do so has passed.

Rau asks for the Court's leave to file a page from an insurance policy under seal. Rau represents that the document contains "commercially sensitive data." The Court recognizes that Rau may not be the party that designated the document as confidential.

Pursuant to Northern District of Indiana Local Rule 5-3, "[n]o document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). The public pays for the courts and, thus, has an interest in judicial records. *Forst v. SmithKline*

*Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009). The general presumption that judicial records are public is overridden when "the property and privacy interests of the litigants . . . predominate in the particular case." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The agreement of the parties is no substitute for the good cause required for sealing a document, as the parties do not adequately represent the public's interest. *Id.*

The Seventh Circuit Court of Appeals has instructed that "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l., Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

The rationale presented by Rau for the sealing of the document at issue is that it has been marked as confidential pursuant to the agreed protective order issued in this case. More justification is needed before the Court will authorize sealing the document. This motion is denied, but Rau or another party may renew the request in a motion that sets forth a more robust argument in support of maintaining the document under seal.

Therefore, the Court hereby **DENIES without prejudice** Rau's Motion for Leave to File Sealed Document Re Markel Summary Judgment and Rau's Cross-Motion for Summary Judgment (Doc. 94) [DE 112]. If no further request to maintain the document under seal is made by **January 31, 2019**, then the Court will have the seal lifted.

So ORDERED this 22nd day of January, 2019.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT