**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED EMERGENCY MEDICAL SERVICES, LLC, | |
| Third-Party Plaintiff, | |
| v. | CAUSE NO.: 2:16-CV-220-TLS |
| INSURANCE SERVICE CENTER INC. n/k/a ARTHUR J. GALLAGHER & CO., | |
| Third-Party Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Estate of Stofko's Motion to Set Aside Dismissal Order [ECF No. 168] and the Estate of Stofko's Motion to Substitute Party [ECF No. 169], filed by Lillian Marlene Rau, as Personal Representative of the Estate of Decedent, Chester R. Stofko (Estate) on April 1, 2021. The Estate seeks relief from the dismissal order entered against Third-Party Plaintiff United Emergency Medical Services, LLC and asks to be substituted as Third-Party Plaintiff. A Response [ECF No. 172] was filed by the Third-Party Defendant Insurance Service Center, Inc. n/k/a Arthur J. Gallagher & Co. on May 17, 2021. A Reply [ECF No. 174] was filed by the Estate on May 21, 2021.

## FACTS AND BACKGROUND

The Complaint [ECF No. 1] in this matter was filed on June 9, 2016, by Plaintiff Markel Insurance Company against Defendants United Emergency Medical Services, LLC (United), Abraham A. Nadermohammadi, and Lillian Marlene Rau, as Personal Representative of the Estate of Chester R. Stofko (Deceased), requesting the Court to declare, pursuant to 28 U.S.C. § 2201, that it had no duty to defend or indemnify United or Nadermohammadi related to a state

court lawsuit brought by the Estate despite the existence of a business automobile insurance policy. Compl. ¶ 1, p. 8, ECF No. 1. The underlying state court action arose out of an automobile accident between Chester R. Stofko and an ambulance driven by Nadermohammadi, who was acting as an agent of the Third-Party Plaintiff, that resulted in Stofko's death. *Id.* ¶¶ 3, 9–13; Covenant Not to Execute 1, ECF No. 168-5.

On December 22, 2016, a Third-Party Complaint was filed by Third-Party Plaintiff United against Third-Party Defendants Insurance Service Center, Inc. n/k/a Arthur J. Gallagher & Co. and Jack Rosen claiming that, should a court determine that there was no insurance coverage of the Third-Party Plaintiff for the automobile accident, the lack of insurance coverage was due to the acts and omissions of the Third-Party Defendants. Third-Party Compl. ¶ 2, ECF No. 47. Third-Party Defendant Rosen was dismissed from this lawsuit on June 14, 2017. June 14, 2017 Order, ECF No. 66.

The Court ruled on various pending motions in a June 27, 2019 Opinion and Order and dismissed all claims except the Third-Party Complaint. June 27, 2019 Op. & Order 30, ECF No. 137. An appeal was taken, and the Seventh Circuit Court of Appeals affirmed the ruling on May 1, 2020. ECF No. 152. On May 21, 2020, counsel for the Third-Party Plaintiff filed a Motion to Withdraw Appearance [ECF No. 154]. In a May 26, 2020 Order [ECF No. 155], the Court granted the Motion to Withdraw Appearance and granted the Third-Party Plaintiff until July 1, 2020, to either obtain counsel or file a motion to request an extension of time. May 26, 2020 Order 2, ECF No. 155. The Court warned the Third-Party Plaintiff, a limited liability company, "that failure to retain or obtain new counsel" could "result in the dismissal of the case." *Id.*

The Third-Party Plaintiff did not obtain counsel by July 1, 2020. On July 15, 2020, the Court issued a show cause order and set an in-person status conference. July 15, 2020 Order 1,

ECF No. 157. The Court directed the Clerk of Court to mail copies of the order to the two addresses of record for the Third-Party Plaintiff and to mail separate copies of the order to Steven Pavek and Jason Blankinship, two directors of the Third-Party Plaintiff, at both addresses of record. *Id.* The Court warned the Third-Party Plaintiff that failure to appear may be construed as an abandonment of its claim and could result in dismissal. *Id.* The Court set the hearing for August 17, 2020. July 22, 2020 Order, ECF No. 158. The Court received all the copies of its July 15, 2020 order mailed to 9019 West 133rd Ave, Cedar Lake, IN, returned as undeliverable. ECF Nos. 159–161. The July 22, 2020 order mailed to the Third Party Plaintiff at the same address was returned as undeliverable. ECF No. 162. However, none of the orders mailed to the P.O. Box address were returned as undeliverable.

The Third-Party Plaintiff did not appear at the August 17, 2020 status conference. ECF No. 163. The Third-Party Plaintiff did not obtain counsel. At the conference, the Third-Party Defendant made an oral motion to dismiss the Third-Party Complaint with prejudice. *Id.* In a written opinion, the Court granted the motion and dismissed the Third-Party Complaint with prejudice. Aug. 27, 2020 Op. & Order, ECF No. 164. On August 31, 2020, the Clerk of Court entered final judgment on the Third-Party Complaint. ECF No. 165.

Counsel for the Estate states in an affidavit that he received emails about the case, including the electronic filing emails, forwarded by the Third-Party Defendant's counsel from June 2019 through May 2020. Aff. of David W. Holub ¶¶ 3–4, ECF No. 168-2. On December 22, 2020, the Estate and the Third-Party Plaintiff entered into a settlement agreement in the state court wrongful death suit. *Id.* at ¶¶ 5–7. In March 2021, while finalizing a Covenant Not to Execute with the Third-Party Plaintiff, counsel for the Estate discovered that the Court had dismissed the Third-Party Complaint in this case for failure to prosecute. *Id.* at ¶ 7. In the

3

Covenant Not to Execute, which was signed on March 18, 2021, the Estate and the Third-Party Plaintiff agreed, among other things, to the entry of a $2,000,000 judgment against the Third-Party Plaintiff in favor of the Estate and to assign to the Estate the Third-Party Plaintiff's rights to any claims against the Third-Party Defendant in this case. Covenant Not to Execute 4–10. The Estate acknowledged in the Covenant Not to Execute that the Third-Party Complaint in this case had been dismissed and announced its intention to file this motion. *Id.* at 2.

### ANALYSIS

Federal Rule of Civil Procedure 60(b) "delineates six grounds upon which relief from a judgment can be granted." *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018); *see also* Fed. R. Civ. P. 60(b). Relevant to this motion are Rules 60(b)(1) and 60(b)(6). Under Rule 60(b)(1), relief can be granted based on "mistake, inadvertence, surprise, or excusable neglect," which allows a court to remedy its own mistakes. *Pearson*, 893 F.3d at 984 (quoting Fed. R. Civ. P. 60(b)(1)); *Mendez v. Republic Bank*, 725 F.3d 651, 657, 659–60 (7th Cir. 2013). Rule 60(b)(6) provides for relief based on "any other reason that justifies relief." *Pearson*, 893 F.3d at 984 (quoting Fed. R. Civ. P. 60(b)(6)). Although "Rule 60(b)(6) vests wide discretion in courts, . . . Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Rules 60(b)(1) and 60(b)(6) "are mutually exclusive—Rule 60(b)(6), as a residual catchall, applies only if the other specifically enumerated rules do not." *Pearson*, 893 F.3d at 984 (citing *Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998)).

First, the motion is timely. Motions under Rule 60(b) "must be made within a reasonable time," and a motion under Rule 60(b)(1) must be made no more than one year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Even if a motion under Rule 60(b)(1) is brought

within a year, it may still be untimely if it is not brought in a reasonable time. *Berwick Grain Co. v. Ill. Dep't of Agric.*, 189 F.3d 556, 560 (7th Cir. 1999). Here, the Clerk entered final judgment on August 31, 2020, and the motion was filed by the Estate on April 1, 2021, which was within one year. The Estate was not assigned the Third-Party Plaintiff's interest in this case until March 18, 2021, and filed the motion two weeks later. The Estate brought the motion within a reasonable amount of time.

Although the motion is timely, the Estate is not entitled to relief under Rule 60(b)(1). A motion under Rule 60(b)(1) may be brought based on "mistake, inadvertence, surprise, or excusable neglect" and allows a court to remedy its own mistakes. *Pearson*, 893 F.3d at 984; *Mendez*, 725 F.3d at 657, 659–60. Generally, "Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely [the] erroneous application[] of law.'" *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) (alteration in original) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, Rule 60(b)(1) may be used by a "district court to correct its own errors that could be corrected on appeal, at least if the motion is *not* a device to avoid expired appellate time limits." *Mendez*, 725 F.3d at 659 (emphasis added). Excusable neglect is an equitable standard that takes into "account . . . all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[1] These circumstances include "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether

---

[1] The *Pioneer* decision involved Bankruptcy Rule 9006(b)(1), but its definition of excusable neglect is applicable to Rule 60(b)(1). *See Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 363 (7th Cir. 1997) (directing courts to use the *Pioneer* equitable factors in deciding Rule 60(b)(1) motions).

it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

The Third-Party Plaintiff is a limited liability company; it may only appear in federal court through licensed counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). The Third-Party Plaintiff failed to retain counsel, and no representative of the Third-Party Plaintiff made an appearance at the August 17, 2020 conference held by the Court. The Estate argues that the Third-Party Plaintiff did not get the Court's orders, which included the Court's two warnings that the Third-Party Complaint may be dismissed if the Third-Party Plaintiff failed to retain counsel and appear at the hearing. The Estate provides the affidavit of Steven Pavek, who states that he never received the notices from the Court sent to the address listed on the docket. Pavek Aff. ¶ 6, ECF No. 168-3. He avers that his "residence varied" and that he was seeking medical care at different locations for cancer treatment. *Id.* at ¶¶ 4–11.

Pavek's affidavit does not constitute grounds for reconsideration. First, the Estate does not present any evidence that the other director, Jason Blankinship, did not receive the notices. Second, only the notices sent to the street address were returned as undeliverable; the notices sent to the P.O. Box were not returned. The Third-Party Plaintiff did not respond to or comply with the Court's May 26, 2020 Order to retain counsel, and it did not appear at the August 17, 2020 status conference. A single instance of failing to appear at a hearing combined with other violations of the Court's orders is sufficient to support dismissal for failure to prosecute. *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012). An unrepresented plaintiff is expected to inform the Court when the plaintiff's address has changed. *See Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993). And, an unrepresented plaintiff "must follow court rules and directives." *McInnis*, 697 F.3d at 665. The Third-Party Plaintiff was responsible for updating the Court with

its mailing address, following the Court's orders, and pursuing its case. The Court mailed multiple copies of the orders to the Third-Party Plaintiff, several of which were not returned as undeliverable. The Third-Party Plaintiff's failure to obtain counsel was within the Third-Party Plaintiff's control, as was any failure to update the Third-Party Plaintiff's address. The Estate has not shown that the Court's dismissal order was erroneous or that the Third-Party Plaintiff's failure to obtain counsel or appear was based on excusable neglect.

Finally, the Court turns to Rule 60(b)(6), invoked by the Estate, which requires a showing of "extraordinary circumstances." Fed. R. Civ. P. 60(b)(6); *see Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 891 (7th Cir. 2020) (noting that "[j]udgments may not be reopened under Rule 60(b) except in compelling and extraordinary circumstances" and that "[t]he need for finality of judgments is an overarching concern" (internal quotation marks omitted)). To determine whether "extraordinary circumstances" warrant relief under Rule 60(b)(6), a court "may consider a wide range of factors" including "the risk of injustice to the parties" and the "risk of undermining the public's confidence in the judicial process." *Buck*, 137 S. Ct. at 778 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)). A party may not avoid the time limit to appeal or of Rule 60(b)(1) by invoking Rule 60(b)(6). *See Pioneer*, 507 U.S. at 393; *Pearson*, 893 F.3d at 984. "The two rules are mutually exclusive—Rule 60(b)(6), as a residual catchall, applies only if the other specifically enumerated rules do not." *Id.*

Rule 60(b)(6) is inapplicable here. The Estate's assertion that the Court should excuse the Third-Party Plaintiff's failure to obtain counsel is at its core an argument that the Court should set aside its order because of the Third-Party Plaintiff's "excusable neglect." *See* Fed. R. Civ. P. 60(b)(1). The Court has determined that the Estate is not entitled to relief under Rule 60(b)(1). The Estate's arguments under Rule 60(b)(6) are unavailing.

## CONCLUSION

Based on the foregoing, the Court hereby DENIES the Estate of Stofko's Motion to Set Aside Dismissal Order [ECF No. 168] and, as a result, DENIES as moot the Estate of Stofko's Motion to Substitute Party [ECF No. 169].

SO ORDERED on February 3, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT